IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PRECISION EXTRACTION CORPORATION, a Michigan corporation | Civil Action No.: |
| Plaintiff | Honorable            (presiding) |
| v. | Magistrate           (referral) |
| UDOXI SCIENTIFIC, LLC, an Oregon limited liability company | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NONINFRINGEMENT OF US PATENT NOS. 9144751 B2 and 9145532 B2**

**PRECISION EXTRACTION CORPORATION** ("PRECISION") brings this action for declaratory judgment of patent non-infringement and invalidity against **UDOXI SCIENTIFIC, LLC** ("UDOXI") and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action arising under the Patent Laws of the United States, Title 35, United States Code, seeking a declaration of non-infringement, unenforceability, and invalidity of U.S. Patent Nos. 9144751 B2 ("'751 patent") and 9145532 B2 ("'532 patent").

2.     The '751 and '532 patents issued September 29, 2015, based on patent applications filed on November 4, 2013. The '751 and '532 patents purport to claim a system and methods for extracting solute from a source material. More particularly, they relate to a solvent extraction of essential oil from a plant material. According to UDOXI, the patents cover ALL extractors and necessarily all methods of extraction of solutes from a source material.

## THE PARTIES

3.     PRECISION is a Michigan corporation with its principal place of business at place of business at 4820 Delemere, Royal Oak, MI 48073.

4.     On information and belief, UDOXI is an Oregon limited liability company with a principal place of business located at 4804 SE 69TH Ave,

2

Portland, Oregon 97206 and allegedly manufactures industrial closed loop hydrocarbon solvent essential oil extraction systems.

## JURISDICTION, VENUE, AND PROCEDURAL MATTERS

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the Patent Laws of the United States of America, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of his action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over UDOXI because, among other things, upon information and belief, UDOXI has continuous and systematic contacts with the State of Michigan, and because UDOXI has specific contacts with the Eastern District of Michigan including sending a cease and desist letter asserting the '751 and '532 patents against PRECISION within this jurisdiction. See Exhibit A attached ("C&D Letter").

7. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action have occurred and/or will occur within this District.

## BACKGROUND

8. PRECISION was founded in Michigan by leaders in the extraction industry. Precision Extraction Corporation was established to meet the needs of professional extraction artists and businesses alike, seeking a better way to

create top notch concentrates. PRECISION provides both professional services and proprietary equipment to its customers.

9. On information and belief, UDOXI has a principal place of business in Portland, Oregon.

10. On information and belief, UDOXI is the owner of U.S. Patent No. 9144751 B2 (the '751 Patent) and U.S. Patent No. 9145532 B2 (the '531 Patent). See Exhibits B and C, respectively, attached.

11. PRECISION is in the business of consulting, designing and building extraction devices for its customers throughout the United States.

12. PRECISION has developed its own proprietary product designs and trade secrets ("PRECISION Intellectual Property").

13. PRECISION's products are based upon and incorporate the PRECISION Intellectual Property ("PRECISION Products").

14. PRECISION has invested significant resources in the creation, development and protection of the PRECISION Intellectual Property.

15. Due to the superior performance of the PRECISION Products and due to the PRECISION Intellectual Property, the PRECISION Products have attracted attention from many potential customers and have met with unexpected success.

16. Upon information and belief, UDOXI manufactures its own industrial closed loop hydrocarbon solvent essential oil extraction systems ("UDOXI Products"). See http://www.udoxiscientific.com.

4

17. Upon information and belief, UDOXI has had little success in marketing and selling the UDOXI Products since they are based upon long, well-known extraction technology and are a commodity-type product including components, functions, and systems commonly available from many competitors in the marketplace.

18. Upon information and belief, the claims of the '751 Patent and the '532 Patent merely cover well known extraction systems and methods.

19. Upon information and belief, UDOXI has knowingly and intentionally withheld critical and highly relevant prior art information from the US Patent Office when obtaining the '751 Patent and the '532 Patent.

### NATURE OF THE CONTROVERSY BETWEEN THE PARTIES

20. Upon information and belief, and despite the above, UDOXI is attempting to wrongfully enforce the '751 Patent and the '532 Patent against third parties including against PRECISION.

21. UDOXI sent to PRECISION a cease and desist letter dated February 19, 2016, asserting infringement of UDOXI's patents and threatening a civil patent infringement action. Exhibit A at pages 3-5.

22. UDOXI demanded that PRECISION "immediately cease-and-desist all activities that infringe [UDOXI's] intellectual property and that you take appropriate remedial actions." See Exhibit A at page 5.

23. UDOXI included a claim chart in its cease and desist demand letter purporting to interpret the claims of the '751 Patent and to allege certain PRECISION Products infringe at least Claim 1. See Exhibit A at page 5.

24. Upon information and belief, after reviewing the claims of the '751 Patent and the claims of the '532 Patent, PRECISION believes the claims cover the prior art and are anticipated and rendered obvious by the known prior art.

25. PRECISION reasonably believes there is a real, immediate, and substantial controversy between PRECISION and UDOXI, regarding the validity, enforceability and infringement of the '751 and '532 Patents.

## COUNT I

**Declaratory Judgment of Non-Infringement of the '751 Patent**

26. PRECISION re-alleges and incorporates by reference the allegations in paragraphs 1 to 25.

27. This claim arises under the Patent Laws of the Unite States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2292.

28. UDOXI's threatening actions in sending the cease and desist letter has created a real, immediate, substantial, and justiciable controversy between PRECISION and UDOXI concerning whether the use, offering for sale or importation of certain PRECISION Products will infringe any valid and enforceable claim of the '751 Patent.

29. This controversy is amenable to specific relief through a decree by this court.

30. The use, sale, offer for sale, export or import into the United States of PRECISION Products will not infringe any valid and enforceable claim of the '751 Patent.

31. PRECISION is entitled to a judicial declaration that any manufacture, use, sale, offering for sale, export or importation of PRECISION Products does not and will not infringe, literally or under the doctrine of equivalents, directly or indirectly any valid and enforceable claim of the '751 Patent.

## COUNT II

### Declaratory Judgment of Non-Infringement of the '532 Patent

32. PRECISION re-alleges and incorporates by reference the allegations in paragraphs 1 to 31.

33. This claim arises under the Patent Laws of the Unite States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2292.

34. UDOXI's threatening actions in sending the cease and desist letter has created a real, immediate, substantial, and justiciable controversy between PRECISION and UDOXI concerning whether the use, offering for sale or importation of certain PRECISION Products will infringe any valid and enforceable claim of the '532 Patent.

7

35. This controversy is amenable to specific relief through a decree by this court.

36. The use, sale, offer for sale, export or import into the United States of PRECISION Products will not infringe any valid and enforceable claim of the '532 Patent.

37. PRECISION is entitled to a judicial declaration that any manufacture, use, sale, offering for sale, export or importation of PRECISION Products does not and will not infringe, literally or under the doctrine of equivalents, directly or indirectly any valid and enforceable claim of the '532 Patent.

## COUNT III

### Declaratory Judgment of Invalidity of the '751 Patent

38. PRECISION re-alleges and incorporates by reference the allegations in paragraphs 1 to 37.

39. This claim arises under the Patent Laws of the Unite States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2292.

40. UDOXI's threatening actions in sending the cease and desist letter has created a real, immediate, substantial, and justiciable controversy between PRECISION and UDOXI concerning whether the use, offering for sale or importation of certain PRECISION Products will infringe any valid and enforceable claim of the '751 Patent.

41. This controversy is amenable to specific relief through a decree by this court.

42. The claims of the '751 Patent cover known prior art and are anticipated and/or obvious in view of the known prior art.

43. PRECISION is entitled to a judicial declaration that the claims of the '751 Patent are invalid for failing to meet the patentability requirements of the United States Patent Laws.

### COUNT IV

### Declaratory Judgment of Invalidity of the '532 Patent

44. PRECISION re-alleges and incorporates by reference the allegations in paragraphs 1 to 43.

45. This claim arises under the Patent Laws of the Unite States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2292.

46. UDOXI's threatening actions in sending the cease and desist letter has created a real, immediate, substantial, and justiciable controversy between PRECISION and UDOXI concerning whether the use, offering for sale or importation of certain PRECISION Products will infringe any valid and enforceable claim of the '532 Patent.

47. This controversy is amenable to specific relief through a decree by this court.

48. The claims of the '532 Patent cover known prior art and are anticipated and/or obvious in view of the known prior art.

49. PRECISION is entitled to a judicial declaration that the claims of the '532 Patent are invalid for failing to meet the patentability requirements of the United States Patent Laws.

**PRAYER FOR RELIEF**

PRECISION requests that the Court enter judgment in its favor and against UDOXI and provide PRECISION relief at least as follows:

A. Awarding PRECISION judgment declaring that:

   a. all claims of the '751 Patent are invalid;

   b. PRECISION Products have not, do not, and will not infringe any valid and enforceable claim of the '751 Patent; or

   c. the use, offer to sell, sale, and/or importation into the United States of PRECISION Products do not, and will not, infringe any valid and enforceable claim of the '751 Patent.

B. Awarding PRECISION judgment declaring that:

   a. all claims of the '532 Patent are invalid;

   b. PRECISION Products have not, do not, and will not infringe any valid and enforceable claim of the '532 Patent; or

    c. the use, offer to sell, sale, and/or importation into the United States of PRECISION Products do not, and will not, infringe any valid and enforceable claim of the '532 Patent.

C. Declaring this an exceptional case in favor of PRECISION and awarding PRECISION attorneys' fees pursuant to 35 U.S.C. § 285.

D. Awarding PRECISION its costs and expenses.

E. Awarding PRECISION any and all such other relief as the Court determines to be just and proper.

Dated:  May 31, 2016                      /s/ John VanOphem

                                       John VanOphem (P48804)
                                       VANOPHEM IP LAW PLC
                                       1585 S. Hickory Ridge Road
                                       Milford, Michigan 48380
                                       Telephone: (248) 897-8913
                                       E-mail: john@vanophemiplaw.com

*Attorneys for Plaintiff*