UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRECISION EXTRACTION CORP.,

       Plaintiff,

                                   Case No. 16-CV-11972

vs.

                                   HON. GEORGE CARAM STEEH

UDOXI SCIENTIFIC, LLC,

       Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION [DOC. 10]

      This matter arises out of a declaratory judgment action filed by Precision Extraction Corp. ("Precision"), asking the court to declare that defendant Udoxi Scientific LLC's ("Udoxi") patents are invalid and that Precision's products do not infringe said patents. Precision subsequently filed an amended complaint adding a Lanham Act unfair competition claim alleging that Udoxi made false or materially misleading representations in interstate commerce when it sent a cease and desist letter and license offer to Precision in Michigan, claiming to be legal owner and patentee. The matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction or to transfer venue. Oral argument was held before

- 1 -

the court on November 28, 2016. For the reasons stated below, defendant's motion to dismiss for lack of personal jurisdiction is granted.

## FACTUAL BACKGROUND

Udoxi is an Oregon limited liability company with its principal place of business in Oregon. Udoxi owns patents for systems and methods to extract oils from plant material, issued on September 29, 2015, from applications filed with the United States Patent & Trademark Office on November 4, 2013. The three inventors are Jason Wasserman, Jess Ordower and Samuel Decker ("inventors"). The inventors, who are each residents of Oregon, filed Articles of Organization with the Oregon Secretary of State on May 20, 2013 to create Udoxi. The patented technology enables efficient large scale extraction operations, such as for extracting oil from marijuana.

Udoxi does not direct any advertising to Michigan and has never solicited any business in Michigan, although it acknowledges that it advertises through channels that might reach Michigan residents. Udoxi does not own any property in Michigan and is not registered to do business in Michigan. Udoxi has never entered a contract with any citizen of Michigan and has never filed a lawsuit in Michigan. No representative of

Udoxi, nor any of its members, has traveled to Michigan in the last 5 years. (Jason Wasserman Decl., Jess Ordower Decl., Samuel Decker Decl.).

While attending a trade show in Washington D.C. on December 15, 2015, Udoxi learned that Precision, a Michigan corporation, had sold two extraction units in Oregon that Udoxi believed infringed its patents. The inventors consulted with legal counsel in Oregon, who sent a cease and desist letter to Precision in Michigan on February 19, 2016. (Wasserman Decl. ¶¶ 7, 8). Udoxi included copies of the two patents at issue, each of which identified the inventors. The letter stated that Udoxi owned the patents and believed Precision was infringing Udoxi's patent rights, demanded Precision stop, and invited discussions about licensing as an alternative to litigation.

Precision responded through counsel in Michigan. Phone and email conversations between counsel followed through May, 2016, with Udoxi proposing ideas for an amicable settlement that would stop Precision's infringement. Precision advised Udoxi it was going to meet with counsel to consider Udoxi's proposals. Udoxi followed up about Precision's interest in settlement and received no response until Precision filed its declaratory judgment action in this court on June 1, 2016. (Wasserman Decl. ¶ 8).

On or about June 10, 2016, Udoxi filed a complaint against Precision for patent infringement in the United States District Court for the District of Oregon (Case No. 3:16-cv-01062-YY) seeking damages and an injunction to restrain future infringement. Udoxi identified the Michigan lawsuit and objected to personal jurisdiction in Michigan. Precision personally served Udoxi with the Michigan lawsuit on July 12, 2016. Udoxi moved to dismiss the Michigan lawsuit for lack of personal jurisdiction, or alternatively to transfer venue to Oregon. On August 23, 2016, in response to the motion to dismiss, Precision amended its complaint to add the Lanham Act claim alleging unfair competition based on false statements in the cease and desist letter, specifically the statement that "Precision Extraction is infringing Udoxi Scientific's patent rights." It is undisputed that Udoxi did not hold title to the patents when it sent the letter to Precision at its Michigan business address, nor during the settlement negotiations that ensued. By way of an Assignment Agreement dated May 31, 2016, and a Confirmatory Assignment Agreement dated September 16, 2016, the inventors assigned all their right, title and interest in the two patents to Udoxi.

Udoxi re-filed its motion to dismiss for lack of personal jurisdiction or to transfer venue. Precision contends that Udoxi specifically and intentionally availed itself to this forum regarding the very subject matter of the claims and defenses of this action by falsely stating that it owned the Udoxi patents when it did not. If the court finds that it has personal jurisdiction over Udoxi, then Udoxi argues in the alternative that the court should transfer venue to the District of Oregon where witnesses and documents are located, and to further the policy of favoring settlement discussions over forum shopping.

## ANALYSIS

Defendant moves for dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The burden is on the plaintiff to establish that personal jurisdiction exists. *Bird v. Parsons*, 289 F.3d 856, 871 (6th Cir. 2002). Because the court is deciding the issue of personal jurisdiction without first holding an evidentiary hearing, the facts are construed in the light most favorable to the plaintiff as the nonmoving party. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff "need only make a prima facie showing of jurisdiction." *Id.* (citation omitted). The plaintiff can meet this burden by

"'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Id.* (quoting *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). Where the facts proffered by the defendant conflict with those offered by the plaintiff, the court disregards the defendant's facts for purposes of ruling on the motion. *Id.* In the face of a properly supported motion for dismissal, however, the plaintiff "may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

To assert personal jurisdiction over a non-consenting defendant outside the forum state, two requirements must be satisfied: (1) the defendant must be subject to personal jurisdiction under the forum state's laws, in this case one of Michigan's long-arm statutes; and (2) the assertion of personal jurisdiction must comport with the Due Process Clause. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Precision asserts that this court has specific personal jurisdiction over Udoxi. Specific personal jurisdiction turns on three inquiries: (1) whether

- 6 -

the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether the assertion of personal jurisdiction is fair and reasonable. *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009).

Precision focuses on the cease and desist letter sent to Michigan on February 19, 2016, in which Udoxi falsely claimed to own the patents at issue and attempted to enforce them against Precision in Michigan. Looking at the facts in the light most favorable to plaintiff, the court agrees that by sending the letter to Precision in Michigan, Udoxi purposefully directed its activities at a resident in the forum. Furthermore, the declaratory judgment claim, as well as the Lanham Act claim, arise out of or relate to Udoxi's assertion of infringement of its patents and its attempt to negotiate a licensing agreement with a resident in the forum. Therefore, the focus of the court's analysis comes down to whether the assertion of personal jurisdiction over Udoxi in Michigan is fair and reasonable.

Federal Circuit law applies to this federal due process inquiry. The Federal Circuit holds that where the only contacts the patentee has with the forum are for the purpose of warning against infringement or negotiating

license agreements, the Due Process Clause protects a non-resident from a finding that such contacts create personal jurisdiction.  *See Red Wing Shoe*, 148 F.3d at 1360-61, *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002).  "Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum."  *Autogenomics*, 566 F.3d at 1020.

I. Patent Infringement / Invalidity Claim

A cease and desist letter alone informing a party in the forum state of infringement is not enough to create personal jurisdiction under the fairness prong.  *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1333 (Fed. Cir. 2008).  The  Federal Circuit requires something more to conclude that a patentee has subjected itself to jurisdiction in a foreign forum.  The "other activities" must be related to the cause of action, with the focus being on "the relationship among *the defendant*, the forum, *and the litigation*."  *Id.* at 1333-1334 (emphasis in original) (citation omitted).

Precision argues that since Udoxi was not the patent holder when it directed its activities to Michigan threatening legal action against Precision as well as seeking financial compensation, Udoxi should not receive the

- 8 -

benefits or protections of *Red Wing Shoe* and its progeny. In response to this argument, Udoxi relies on the Federal Circuit Court's decision in *Hildebrand*, in which a Colorado resident patent applicant sent cease and desist letters to multiple Ohio companies. 279 F.3d at 1353. Similar to this case, the letters warned of infringement and suggested licensing agreements, and the patent applicant followed up with phone calls to Ohio. After the patent issued, the Ohio companies filed a declaratory judgment lawsuit in Ohio seeking a declaration of non-infringement and invalidity. The patent owner filed an infringement lawsuit in Colorado. The Federal Circuit reversed the Ohio District Court's exercise of personal jurisdiction, concluding that "[a]ll of his documented contacts were for the purpose of warning against infringement or negotiating license agreements, and he lacked a binding obligation in the forum." *Id.* at 1356. The Colorado company was not the patentee when the cease and desist letters were sent, or when the phone calls for the purpose of negotiating licensing agreements were made. However, by the time the litigation was filed the company became the patent holder and the Federal Circuit focused on the then-patentee's contacts with the forum.

In the case before this court, Udoxi did not own the patent rights when it sent the cease and desist letter to Precision in Michigan, or engaged in negotiations via telephone and email with Precision in Michigan. Udoxi is a limited liability corporation, and its members are the inventors who held the patents and directed Udoxi's activities within the forum. The Declaration of inventor Jason Wasserman states that "[w]hen we [the co-inventors] learned that Precision was marketing and selling extraction products and services that I believed infringed our patents, we consulted with legal counsel who sent Precision a cease and desist letter. We have tried to settle the dispute with Precision instead of shutting down their business." (Wasserman Decl. § 7). Udoxi was not trying to hide anything from Precision, as evidenced by the fact that it provided copies of the two patents which identified the inventors as the holders of the patents. Finally, other than the cease and desist letter and subsequent settlement negotiations, Precision has not produced any evidence that Udoxi has other ties to the forum, related or not-related to the pending litigation.

The court finds that Udoxi's actions directed to Michigan, even though they took place before the assignment of the patents, do not support the

exercise of personal jurisdiction in Michigan under Federal Circuit law and its policy considerations.

## II. Unfair Competition Claim

Precision's Lanham act claim is based on Udoxi falsely claiming to own the patents and attempting to wrongfully enforce them against Precision in a manner that is likely to cause confusion. A claim brought under 15 U.S.C. § 1125(a) due to patent enforcement activities requires that a plaintiff allege bad faith because patentees have a "privileged right" to notify accused infringers and negotiate. *See Zenith Elec. & Elo Touchsystems, Inc. v. EXZEC, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999). The Federal Circuit Court has "recognized that a patentee's statements regarding its patent rights are conditionally privileged under the patent laws, so that such statements are not actionable unless made in bad faith." *Id.* (citing cases). While Udoxi did not own the patents when it was negotiating with Precision, its three members did. As discussed above, Udoxi acted upon the undisputed authority of its members to issue the cease and desist letter and negotiate a licensing agreement. Udoxi's members then assigned the patents to Udoxi before Precision filed its declaratory action. Udoxi's claim that it owned the patents caused no

plausible confusion, deception or injury to Precision. Precision has not alleged any confusion, nor identified any evidence of bad faith, even conceding on the record that Udoxi's mistaken allegation of patent ownership was likely made in good faith.

Where non-patent issues are "intimately linked to patent law", Federal Circuit law regarding due process must be applied on the question of personal jurisdiction. *Avocent*, 552 F.3d at 1340. In this case, Precision's false designation of ownership claim under the Lanham Act is intimately linked to questions of patent law, including validity and infringement and enforceability. Therefore, the court finds it does not have personal jurisdiction over Udoxi on the Lanham Act.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

It is so ordered.

Dated: December 8, 2016

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 8, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk